*Novoa v. Diaz* et al.,

# Exhibit 2 to Declaration of Adam Steinbaugh in Support of Plaintiffs' Motion for Preliminary Injunction

10.005 Prohibition of Discrimination in University Training or Instruction

   (1) Definitions.  For purposes of this regulation, the enumerated terms are defined as follows:
      (a) "Concepts" are the following:
         1. Members of one race, color, national origin, or sex are morally superior to members of another race, color, national origin, or sex.
         2. A person, by virtue of his or her race, color, national origin, or sex is inherently racist, sexist, or oppressive, whether consciously or unconsciously.
         3. A person's moral character or status as either privileged or oppressed is necessarily determined by his or her race, color, national origin, or sex.
         4. Members of one race, color, national origin, or sex cannot and should not attempt to treat others without respect to race, color, national origin, or sex.
         5. A person, by virtue of his or her race, color, national origin, or sex bears responsibility for, or should be discriminated against or receive adverse treatment because of, actions committed in the past by other members of the same race, color, national origin, or sex.
         6. A person, by virtue of his or her race, color, national origin, or sex should be discriminated against or receive adverse treatment to achieve diversity, equity, or inclusion.
         7. A person, by virtue of his or her race, color, sex, or national origin, bears personal responsibility for and must feel guilt, anguish, or other forms of psychological distress because of actions, in which the person played no part, committed in the past by other members of the same race, color, national origin, or sex.
         8. Such virtues as merit, excellence, hard work, fairness, neutrality, objectivity, and racial colorblindness are racist or sexist, or were created by members of a particular race, color, national origin, or sex to oppress members of another race, color, national origin, or sex.
      (b) "Training" is defined as a planned and organized activity conducted by the university as a mandatory condition of employment, enrollment, or participation in a university program for the purpose of imparting knowledge, developing skills or competencies, or becoming proficient in a particular job or role.
      (c) "Instruction" is defined as the process of teaching or engaging students with content about a particular subject by a university employee or a person authorized to provide instruction by the university within a course.
      (d) "Substantiate" is defined as establishing the existence or truth of a particular fact through the use of competent evidence.
      (e) "University regulation" is defined as the regulation required by section (2)(a) below.

(f) "Administrator" means the following high level personnel who have been assigned the responsibilities of university-wide academic or administrative functions: university president, provost, senior/executive vice presidents, vice presidents, associate vice presidents, associate/vice provosts, deans, equal opportunity programs director, chief audit executive, and chief compliance officer.

(2) University Regulation and Content Review
  (a) Each university shall have a university regulation that prohibits discrimination on the basis of race, color, national origin, or sex by subjecting any student or employee to training or instruction that espouses, promotes, advances, inculcates, or compels such student or employee to believe any of the concepts as defined in paragraph (1)(a). Such university regulation shall contain a method for submitting complaints of alleged violations of the university regulation and the title and contact information of the office(s) designated by the university to receive and maintain such complaints.
  (b) The university regulation shall include that the prohibition in section (2)(a) does not prohibit discussion of the concepts as part of a larger course of training or instruction, provided such training or instruction is given in an objective manner without endorsement of the concepts.
  (c) Each university shall post the university regulation on a public website where the university commonly publishes regulations.
  (d) Each university shall periodically review its regulations, policies and institutional training materials to ensure that the content does not violate the university regulation.

(3) University Investigation and Corrective Action
  (a) Each administrator who receives a complaint of an alleged violation of the university regulation shall timely forward such complaint to the office(s) designated to receive such complaints.
  (b) After reviewing the complaint and obtaining any additional information to aid in the review, the designated office shall direct, supervise, or coordinate the investigation of credible complaints that identify a training or instruction that espouses, promotes, advances, inculcates, or compels a student or employee to believe any of the concepts.
  (c) In the event the investigation finds that an instruction or training is inconsistent with the university regulation, the university shall inform the Board of Governors through the Office of Inspector General and take prompt action to correct the violation by mandating that the employee(s) responsible for the instruction or training modify it to be consistent with the university regulation, issuing disciplinary measures where appropriate and remove, by

      termination if appropriate, the employee(s) if there is a failure or refusal to comply with the mandate.
  (d) If the Board of Governors receives a complaint about which it has not been previously informed pursuant paragraph 3(c), it shall refer the complaint to the subject university's Chief Audit Executive to be addressed pursuant paragraphs 3(a)-(c).

(4) Proceedings to Determine a Substantiated Institutional Violation
  (a) Upon receipt of a credible allegation that a university willfully and knowingly failed to correct a violation of the university regulation, the Board of Governors' Office of Inspector General shall conduct an investigation to determine if evidence exists to support the allegation and ineligibility for performance funding. In determining whether a university willfully and knowingly failed to correct a violation, the Office of Inspector General shall consider whether the university made a good faith determination that the complaint did not allege a violation of the university regulation or whether it took prompt corrective action after it substantiated a violation of the university regulation. If it is determined an external qualified investigative firm is necessary to assist with or conduct the investigation, the subject university will be responsible for any costs incurred.
  (b) The Inspector General shall submit the investigatory findings to the Chair of the university's Board of Trustees, or the Chair's designee, which shall have twenty (20) business days to submit a written response after receipt of such findings. The Office of Inspector General shall provide a rebuttal, if any, to the university within twenty (20) business days after receipt of the university's response. The university's response and the Office of Inspector General's rebuttal to the response, if any, shall be included in a final investigative report provided to the Board of Governor's Audit and Compliance Committee and the Chair of the university's Board of Trustees.
  (c) The Board of Governor's Audit and Compliance Committee shall make a recommendation to the Board as to whether it should substantiate an allegation that a university willfully and knowingly failed to correct a violation of the university regulation. The Board shall review the investigative report and recommendation and make a final decision regarding whether the alleged willful and knowing failure to correct a violation of the university regulation is substantiated. Such decision will be rendered in writing to the university within twenty (20) business days of the meeting at which the report is considered.
  (d) If the Board of Governors determines that a university willfully and knowingly engaged in conduct at the institutional level that constituted a substantiated violation of section 1000.05(4)(a), Florida Statutes, and failed to take appropriate corrective action, the university will be ineligible for

performance funding for the next fiscal year following the year in which the Board of Governors made the determination.

(5) Additional Proceedings.

A university or the complainant may seek judicial review by filing a petition for writ of certiorari review with the appropriate circuit court within thirty (30) days of the date of the Board's final decision pursuant to Florida Rule of Appellate Procedure 9.190(b)(3).

Authority: Section 7(d), art. IX, Fla. Const.; Section 1000.05, Florida Statutes; Section 1001.92, Florida Statutes; History: New 08-26-22.