## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | |
|---|---|
| ADRIANA NOVOA, ET AL., | |
| *Plaintiffs*, | |
| v. | **CIVIL ACTION NO. 4:22cv324-MW/MAF** |
| MANNY DIAZ, JR., in his official capacity as the Commissioner of the Florida State Board of Education, ET AL., | |
| *Defendants*. | |

## PLAINTIFFS' MOTION FOR LEAVE TO EXCEED WORD LIMIT FOR REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Local Rules 7.1(F) and (I), Plaintiffs respectfully request leave to exceed to the 3,200-word limit for their Reply Memorandum in Support of their Motion for Preliminary Injunction. Plaintiffs respectfully ask the Court to set a new limit of 5,500 words for their reply. Good cause exists to grant this motion for these reasons:

1.     Plaintiffs have been granted leave to file, on or before October 7, 2022, a reply memorandum in support of their Motion for Preliminary Injunction. Order Setting Hr'g on Mot. for Prelim. Inj. (ECF No. 29). Plaintiffs will also file a memorandum in opposition to Defendants' Motion to Dismiss (ECF No. 33) on that same date.

2.     Defendants' Motion to Dismiss (ECF No. 33) and Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 34) each incorporate by reference the arguments advanced by Defendants in the related case, *Pernell, et al., v. Florida Board of Governors of the State University System, et al.*, No. 4:22-cv-00304-MW-MAF.

3.     As a result, Plaintiffs' Reply Memorandum in Support of their Motion for Preliminary Injunction and their Memorandum in Opposition to the Motion to Dismiss both must address arguments made across multiple submissions in multiple actions.

4.     Plaintiffs anticipate that their Memorandum in Opposition to the Motion to Dismiss will amount to approximately 6,000 words, well under the 8,000 word limit authorized by Local Rule 7.1(F).

5.     Plaintiffs seek to file a Reply Memorandum in Support of their Motion for Preliminary Injunction that exceeds the 3,200 word-limit mandated by Local Rule 7.1(I), up to a limit of 5,500 words.

6.     Plaintiffs have endeavored to be concise, but they need the additional words to fully address all of the important issues raised by Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 34), including those Defendants incorporate by reference from their opposition to the *Pernell* plaintiffs' preliminary injunction motion. Plaintiffs respectfully submit that the additional requested words will aid the Court's consideration of Plaintiffs' motion.

7.     Plaintiffs requested Defendants' consent to the requested relief via email at noon on October 5, 2022, but have not received a response.

## MEMORANDUM OF LAW

Local Rule 7.1(I) limits a reply brief to 3,200 words absent leave of the court to file a longer brief. District Courts in Florida routinely grant permission for the filing of longer briefs where the discussion is likely to assist the Court in its evaluation of the issues. *See, e.g.*, *Romeo v. Israel*, No. 13-61411-CIV, 2017 WL 11583982, at *1–2 (S.D. Fla. June 23, 2017) ("[F]inding that the seven (7) page increase is appropriate given the number of grounds raised, the Court will allow the additional pages."). Indeed, courts have at times allowed briefs in excess of page limits where

litigants did not seek leave until after the filing of a prolix motion.[1] There are also times when a court will allow a brief in excess of page limits where no leave is sought at all.[2]

The proper consideration in every case is whether the additional argument would assist the Court. Given the number and sophistication of the constitutional issues at play in this case, Plaintiffs respectfully suggest that the additional words are both appropriate and the minimum number needed to effectively convey their argument.

WHEREFORE. Plaintiffs seek permission to file a Reply Memorandum of up to 5,500 words.

DATED:     October 6, 2022

Respectfully Submitted,

/s/ Adam Steinbaugh                          /s/ Gary S. Edinger
ADAM STEINBAUGH*                          GARY S. EDINGER, ESQUIRE
PA. Bar No. 326475                             Fla. Bar No.: 0606812
GREG HAROLD GREUBEL*              BENJAMIN, AARONSON, EDINGER &
PA. Bar No. 321130; NJ No. 171622015         PATANZO, P.A.
JT MORRIS*                                         305 N.E. 1st Street
TX Bar No. 2409444

---

[1]  *See, e.g.*, *Staple v. Nw. Mut. Life Ins. Co.*, No. 8:17-CV-3066-T-35TGW, 2019 WL 645210, at *2 (M.D. Fla. Jan. 11, 2019).

[2]  *See, e.g.*, *Providence v. Hartford Life & Acc. Ins. Co.*, 357 F. Supp. 2d 1341, 1345, n. 4 (M.D. Fla. 2005) (Court allowed a 16 page reply brief after the litigant had already filed a 39 page motion and memorandum).

FOUNDATION FOR INDIVIDUAL RIGHTS AND
   EXPRESSION
510 Walnut Street; Suite 1250
Philadelphia, PA 19106
Tel:  (215) 717-3473
Fax:  (215) 717-3440
greg.greubel@thefire.org
adam@thefire.org
JT.Morris@thefire.org

Gainesville, Florida 32601
Tel:  (352) 338-4440
Fax:  (352) 337-0696
GSEdinger12@gmail.com

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs Adriana Novoa, Sam Rechek, and the First Amendment Forum*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

In accordance with Local Rule 7.1(B), Plaintiffs have attempted to confer with counsel for Defendants regarding this motion, but have not received a response.

/s/ Adam Steinbaugh
Adam Steinbaugh

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2022, a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

/s/ Adam Steinbaugh
Adam Steinbaugh