IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ADRIANA NOVOA, et al.,**

   *Plaintiffs*,

v.                                                          Case No.: 4:22cv324-MW/MAF

**MANNY DIAZ, JR., et al.,**

   *Defendants*.

_____/

## ORDER ON MOTION TO DISMISS

This Court has considered, without hearing, Defendants' motion to dismiss. ECF No. 33. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting Plaintiffs' complaint fails to adequately allege facts establishing their standing to proceed. Defendants also move to dismiss Plaintiffs' Campus Free Expression Act claim as barred by the Eleventh Amendment. Additionally, Defendants move to dismiss Plaintiffs' remaining claims on the merits under Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

I

As it must, this Court first addresses threshold jurisdictional issues. A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "can be asserted on

either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). Here, Defendants raise a facial attack on the sufficiency of Plaintiffs' allegations to establish standing. Accordingly, Plaintiffs retain the "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *McElmurray v. Cons. Gov. of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). That is, this Court must consider the complaint's allegations as true and "merely . . . look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction . . . ." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

To establish standing, Plaintiffs must show (1) that they have suffered an injury-in-fact that is (2) traceable to Defendants and that (3) can likely be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). And they must do so for each statutory provision they challenge. *See, e.g.*, *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1273 (11th Cir. 2006) (emphasizing that courts have an "independent obligation . . . to ensure a case or controversy exists as to each challenged provision even in a case where the plaintiffs established harm under one provision of the statute"). By separate order, this Court engaged in a granular provision-by-provision analysis to determine whether

Plaintiffs had established standing to proceed with respect to each of the challenged statutory provisions. *See Pernell v. Fla. Bd. of Govs. of the State Univ. Sys.*, --- F. Supp. 3d ---, 2022 WL 16985720, at *21–33 (N.D. Fla. Nov. 17, 2022). This Court determined that Professor Novoa and Mr. Rechek had established standing for purposes of a preliminary injunction against the members of the Board of Governors and the members of the University of South Florida Board of Trustees with respect to some, but not all, of the challenged concepts under the IFA, such that they could proceed with their free speech and due process claims. Given that this Court applied a heightened burden of establishing standing at the preliminary-injunction stage, these Plaintiffs have certainly established standing to proceed against Defendants at the pleading stage.

With respect to the remaining concepts (four, six, and eight), the complaint's factual allegations—and all reasonable inferences drawn therefrom in Plaintiffs' favor—establish that Professor Novoa's speech is also arguably proscribed as it concerns the promotion or endorsement of various forms of race consciousness encompassed by these concepts. *See, e.g.*, ECF No. 1 ¶¶ 138–225. Accordingly, Mr. Rechek is similarly injured by this arguable proscription, as it chills Professor Novoa's speech and thus denies Mr. Rechek the right to receive information in her course that she would otherwise teach if not for the IFA. *Id.* ¶¶ 226–31.

Likewise, although this Court determined that Plaintiffs had not established standing with respect to Defendant Julie Leftheris at the preliminary-injunction stage, their allegations—taken as true for purposes of the motion to dismiss and drawing all reasonable inferences therefrom in Plaintiffs' favor—allow this Court to conclude that Ms. Leftheris, as the Inspector General, "has the authority to enforce [the IFA] such that an injunction prohibiting enforcement would be effectual." *Support Working Animals, Inc. v. Gov. of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021).

As to the First Amendment Forum, because both Professor Novoa and Mr. Rechek have standing to proceed against the Defendants, this Court need not address the First Amendment Forum's standing. *See Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n.9 (1977) (noting that if there is one plaintiff "who has demonstrated standing to assert these rights as his own," the court "need not consider whether the other individual and corporate plaintiffs have standing to maintain the suit"). But, as this Court emphasized in its order on the motion for preliminary injunction, Plaintiffs will face a heightened burden to prove standing at later stages of this case. If they are unable to marshal the evidence necessary to prove standing for any of their claims or any of the challenged provisions, further relief—if any—will be limited to that for which they have proved both standing and entitlement to on the merits.

4

Finally, this Court notes that while Plaintiffs may proceed against the *members* of the University of South Florida Board of Trustees, their claim against the Board of Trustees, as an entity, is barred by the Eleventh Amendment and due to be dismissed. As the Eleventh Circuit has recognized, "given how tightly Florida's government controls its public education system," Boards of Trustees of Florida's community colleges and state universities are considered "arms of the state" for Eleventh Amendment purposes. *Univ. of S. Fla. Bd. of Trustees v. Comentis, Inc.*, 861 F.3d 1234, 1237 (11th Cir. 2017) (listing cases). Accordingly, the Eleventh Amendment bars Plaintiffs' claims against the Board of Trustees "regardless of whether [they] seek[] money damages or prospective injunctive relief." *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

Accordingly, Defendants' motion to dismiss, ECF No. 33, is **GRANTED in part** inasmuch as the Board of Trustees has Eleventh Amendment immunity but **DENIED in part** as to whether Plaintiffs have standing to proceed with respect to the remaining Defendants. Next, this Court considers Defendants' arguments for dismissing Plaintiffs' state-law claim.

II

As indicated above, Plaintiffs have standing to challenge Defendants' enforcement of the IFA. This Court next addresses Defendants' jurisdictional

argument that Plaintiffs' Campus Free Expression Act claim is barred by the Eleventh Amendment. *See* ECF No. 33-1 at 18–19.

Citing *Pennhurst*, Defendants assert the Eleventh Amendment bars Plaintiffs' state-law claim against Defendants. This Court agrees. Plaintiffs allege a state-law claim for prospective injunctive relief, which falls squarely within *Pennhurst*'s prohibition.

In response to the motion to dismiss, Plaintiffs assert the Board of Trustees has waived Eleventh Amendment immunity, citing its consent to suit under section 1004.097, Florida Statutes (2022). But "a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation." *College Sav. Bank v. Fla. Prepaid postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999). "Nor does it consent to suit in federal court merely by stating its intention to 'sue and be sued,' or even by authorizing suits against it 'in any court of competent jurisdiction.' " *Id*. (citations omitted). And the Campus Free Expression Act says nothing about consenting to suit in federal courts. Instead, it allows for "[a] person injured by a violation of" the Campus Free Expression Act to sue "a public institution of higher education . . . in a court of competent jurisdiction . . . ." § 1004.097(4)(a), Fla. Stat. (2022). Accordingly, absent express consent to suit in federal court, this Court agrees that the State of Florida has not waived Eleventh Amendment immunity under the Campus Free Expression Act and Count Seven is due to be dismissed.

Even assuming, *arguendo*, that the State of Florida waived Eleventh Amendment immunity, this Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claim, as it raises novel and complex issues of Florida law. *See* 28 U.S.C. § 1367(c)(1). Specifically, Plaintiffs allege a violation of a state law prohibiting public universities "from denying students 'access to, or observation of, ideas and opinions that they may find uncomfortable, unwelcome, disagreeable, or offensive.'" ECF No. 1 ¶ 357 (quoting Fla. Stat. §§ 1004.097(2)(f), (3)(f)). Based on this Court's own research, no Florida court has yet considered how the prohibitions in the IFA interact with the prohibitions in the Campus Free Expression Act. But Florida courts, not this Court, "should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (citation omitted). Accordingly, this Court finds that, assuming Eleventh Amendment immunity has been waived, Plaintiffs' state-law claim is best resolved by Florida courts and that judicial economy, fairness, convenience, and comity dictate having this claim decided by the state courts. *Id*. ("Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction.").

In short, Defendants' motion to dismiss is **GRANTED in part** with respect to Count Seven, which is **DISMISSED** as barred by the Eleventh Amendment.

III

Finally, Defendants also move to dismiss Plaintiffs' remaining free speech and vagueness claims—incorporating by reference the same merits arguments Defendants asserted in opposition to Plaintiffs' motion for preliminary injunction. ECF No. 33-1 at 19–20. In evaluating Defendants' motion, this Court accepts the allegations in the complaint as true and construes them in the light most favorable to Plaintiffs. *See Hunt v. Amico Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). "To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Plaintiff's allegations must amount to 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

This Court rejects Defendants' arguments that (1) the First Amendment does not apply to professors' in-class speech, (2) this is simply a permissible regulation of curriculum, (3) the State of Florida has a compelling interest to enforce a viewpoint-discriminatory ban on speech, and (4) the IFA is not unconstitutionally vague. *See generally Pernell*, 2022 WL 16985720. Construing their allegations as

true and viewing them in the light most favorable to Plaintiffs, Plaintiffs have certainly alleged plausible claims for relief under the First and Fourteenth Amendments. Accordingly, for these reasons, Defendants' motion to dismiss, ECF No. 33, is **DENIED in part** with respect to their request to dismiss Plaintiffs' remaining claims under Rule 12(b)(6).

* * *

Accordingly, Count Seven is **DISMISSED** as barred by the Eleventh Amendment—but even if Count Seven was not barred by the Eleventh Amendment, this Court would decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(1). Similarly, Plaintiffs' claims against the University of South Florida Board of Trustees, as an entity, are **DISMISSED** as barred by the Eleventh Amendment. Plaintiffs' remaining official-capacity claims may proceed.

**SO ORDERED on November 22, 2022.**

s/Mark E. Walker
**Chief United States District Judge**